IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT J. JONES, IDOC # N17622,  )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   CIVIL NO. 10-490-GPM
                                  )
PHILLIP MARTIN, et al.,           )
                                  )
            Defendants.           )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Robert J. Jones, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of ten years' imprisonment at the Lawrence Correctional Center ("Lawrence") for attempted manufacture of methamphetamine and aggravated battery, brings this action complaining of the conditions of his confinement. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

Jones's pro se complaint in this case in fact is a letter addressed to United States District Judge Harold Baker of the United States District Court for the Central District of Illinois that was docketed as a complaint in that district; subsequently, the case was transferred to this Court pursuant to 28 U.S.C. § 1404. Jones alleges that he is wheelchair-bound and lacks control over his excretory functions, requiring him to use catheters and diapers. Jones alleges further that, in retaliation for grievances he has filed at Lawrence concerning the quality of the medical care he has received at the prison, nursing staff at Lawrence have failed to provide him with catheters and diapers, forcing Jones to sit in his own bodily wastes, and have refused to examine Jones on sick call. Jones alleges also that an unnamed nurse at Lawrence assaulted him by pushing him out of his wheelchair and threatened to withhold medical care from Jones in the event that Jones should suffer a heart attack. Named as Defendants in Jones's complaint are Phillip Martin, the health care administrator at Lawrence, L. Cunningham, the director of nursing at Lawrence, James Fenoglio, a physician at Lawrence, and N. Baker, Troyer, and Colain, who are alleged to be nurses at Lawrence. In his prayer for relief, Jones requests a temporary restraining order and a preliminary injunction directed to

Martin, Cunningham, Fenoglio, Baker, Troyer, and Colain. In other submissions to the Court, Jones claims that nurses at Lawrence have withheld nitroglycerine that Jones needs for treatment of a heart condition in retaliation for grievances he has filed against them, and asks that the Court order him to be transferred to a different IDOC facility than Lawrence.

Although Jones does not specify the federal law under which he brings suit, the Court deduces that it is 42 U.S.C. § 1983, which creates a private civil remedy for damages for deprivations of constitutional rights by persons acting under color of state law. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)) ("Title 42 U.S.C. § 1983 creates a federal cause of action for 'the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.'") (brackets omitted); *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) ("Relief under section 1983 is available to a plaintiff who can demonstrate that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured either by the Constitution or by federal law."); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994) (quoting *Christian v. Belcher,* 888 F.2d 410, 414 (6th Cir. 1989)) ("Before a defendant may be held liable under 42 U.S.C. § 1983, that defendant must first *possess* power by virtue of state law, then *misuse* that power in a way that violates federal constitutional rights.") (brackets omitted) (emphasis in original). Similarly, although Jones does not specify which of his constitutional rights allegedly have been violated, the Court deduces that the rights at issue concern the First Amendment and the Eighth Amendment. In general, a prisoner has a First Amendment right to challenge the conditions of his or her confinement by filing grievances and lawsuits, and it is unlawful for prison officials to retaliate against a prisoner for exercising this right. *See DeWalt v. Carter*, 224 F.3d 607, 618

(7th Cir. 2000); *Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). The Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Thus, "deliberate indifference to serious medical needs of prisoners" on the part of prison officials "constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Also, "[e]xposure to human waste, like few other conditions of confinement, evokes both . . . health concerns . . . and the more general standards of dignity embodied in the Eighth Amendment." *Wheeler v. Walker*, 303 Fed. Appx. 365, 368 (7th Cir. 2008) (quoting *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)).

It is well settled that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). "A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary" to establish a claim under Section 1983. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Thus, a plaintiff suing under Section 1983 "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the plaintiff's complaint. *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Instead, a plaintiff must make allegations that "associate specific defendants with specific claims . . . so [the] defendants are put on notice of the claims brought against them and so they can properly

answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). This is because, under the Federal Rules of Civil Procedure, "notice pleading," as the term itself suggests, "requires the plaintiff to allege . . . enough to put the defendant on notice of facts providing a right to recovery[.]" *Id*. (quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1023 n.19 (7th Cir. 2000)). Moreover, a plaintiff has this duty even where, as here, a court is liberally construing the allegations of a pro se complaint. *See id*. (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). A Section 1983 plaintiff claiming retaliation must identify the protected conduct that triggered the alleged retaliation with sufficient specificity to enable a defendant to respond to the charge. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Muick v. Glenayre Elecs*., 280 F.3d 741, 743 (7th Cir. 2002)). In addition,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). *See also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."); *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982) (the director of a state correctional agency who was aware of constitutional violations in the state prison system under his control through grievances filed by a prisoner but who took no action on the grievances was not liable to the prisoner under Section 1983).

In this case Jones makes no allegations of wrongdoing at all with respect to Martin. Concerning Fenoglio, Jones alleges only that Fenoglio told him, Jones, to take up his complaints about the quality of the nursing care at Lawrence with Cunningham; as to Cunningham, she is alleged only to have told Jones that she would be inclined to credit the word of one of the nurses under her direction over that of Jones. Neither Fenoglio nor Cunningham are grievance officers, of course, and in any event they were under no constitutional duty to act on Jones's complaints. With respect to nurses Baker, Troyer, and Colain, Jones does not identify any specific grievances for which they allegedly retaliated against him, and in fact Jones fails to associate any of the three nurses with specific acts of wrongdoing in his complaint.[1] Finally, this case seeks relief the Court cannot grant. In general, federal courts are constrained to avoid taking measures that lead to "involvement . . . in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone," and to "afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Sandin v. Conner*, 515 U.S. 472, 482 (1995). "Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims[.]" *Id*. at 483. "[T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain

---

1. Also, retaliation only rises to the level of a First Amendment violation if the retaliatory conduct at issue "would 'deter a person of ordinary firmness' from exercising First Amendment [rights] in the future." *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). It is clear from the record that Jones has continued to file numerous grievances concerning the quality of the nursing care at Lawrence even after bringing this lawsuit, showing that Jones has not been deterred from exercising his First Amendment rights by the retaliatory conduct alleged in this case.

institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Furthermore, "[w]here a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." *Id*. at 85. In the specific context of an injunction directed to a state prison, where a plaintiff requests remedial relief requiring a federal court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of [such] relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Similarly, the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified in various sections of 28 and 42 U.S.C.), imposes limitations on the remedial relief that can be awarded by the Court in the prison context:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). The Court fails to see how an order directing Jones to be transferred out of Lawrence conforms to the requirement of narrowly-tailored relief under both controlling case law and the PLRA.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Jones's complaint in this case fails to state a claim upon which relief may be granted. Therefore, this case is **DISMISSED with prejudice**. Jones is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: February 28, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge